IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TORIN SMITH | § | |
| v. | § | CIVIL ACTION NO. 5:23cv100-RWS-JBB |
| SHERIFF JEFF NEAL, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Torin Smith, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Plaintiff's Claims

Plaintiff was directed to file an amended complaint setting out a short and plain statement of his claim, including specific facts showing that he is entitled to relief. In his amended complaint, Plaintiff sued Bowie County Sheriff Jeff Neal and jail kitchen supervisor Ms. Johnson. He states that on September 1, 2023, he swallowed a nail that was in his food, which put him in the emergency room. He attached grievances to his complaint in which he stated that the nail was in the greens on his lunch tray, and it got stuck in his throat, causing him to choke for a few minutes. It scarred his throat when he threw it up. These grievances indicate that his Step One grievance did not receive a response, and the Step Two grievance said that there was no way that the nail could have come from the can of greens and that he was taken to the medical department, which sent him to the hospital, but medical documents say that no injuries occurred in his mouth or throat.

Plaintiff asserts that Sheriff Neal failed to maintain a safe environment for him and that Ms.

1

Johnson failed to maintain a safe and secure kitchen operation which allowed the nail to get in his food. He says that Johnson "failed to even do a walk through on the kitchen, so allowed the tools to break apart, which put [the] nail in my food." Dkt. No. 6 at 3

## II.   Legal Standard

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

### III.  Discussion

A jail official may be held liable under the Eighth Amendment if he or she has a sufficiently culpable state of mind, which in such cases is one of deliberate indifference to inmate health or safety. *Torres v. Livingston*, 972 F.3d 660, 662 (5th Cir. 2020). An official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.* at 663  However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Id.* An official's failure to alleviate a significant risk which he should have perceived but did not does not amount to deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

As a rule, a single incident of food poisoning or finding a foreign object in food, without more, does not constitute a violation of the constitutional rights of the affected prisoner. *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010), *citing Hyder v. Perez*, 85 F.2d 624, 1996 WL 255243 (5th Cir. 1996).  In *Green*, the plaintiff Kendrick Green broke his tooth on a metal nut in his cornbread in the prison cafeteria. *Id.* at 280.  Food Service Captain Atkinson blamed the producers of the cornbread mix, saying that it had happened before and there was nothing they could do about it. *Id.* Green brought suit complaining of deliberate indifference, relying on Atkinson's statement that such incidents had happened before but the prison officials could not do anything about it. *Id.* The district court did not allow Green the opportunity to develop the facts of his claim but dismissed the lawsuit because he did not detail any other instances of foreign objects in the food. *Id.*

On appeal, Green argued that his complaint alleged a history of similar occurrences and asserted that prison officials had a constitutional duty to screen the food before serving it. *Id.* On appeal, the Fifth Circuit determined that the district court erred by not allowing Green the opportunity to develop the facts of his claim. *Id.* at 281. The Fifth Circuit observed that nothing in the complaint suggested that anyone but Atkinson was aware that objects had been previously found in the food, and remanded the claims against Atkinson to the district court. *Id.*

On remand, Green failed to allege facts relating to any other incident in which an inmate was

3

injured by a foreign object in the food. *Green v. Atkinson*, 442 F. App'x 915, 915 (5th Cir. 2011) (appeal after remand). He alleged that a security guard knew of an incident in which pebbles were found in prison beans, but this did not support a finding that Atkinson knowingly disregarded a substantial risk of harm; the security guard did not indicate that Atkinson was aware of the pebbles. *Id.* The district court again dismissed the lawsuit, and the Fifth Circuit determined that this dismissal was proper. *Id.* at 916.

In the present case, the Court gave Plaintiff the opportunity to expound on the facts of his claim by ordering him to file an amended complaint. Dkt. No. 4. This order directed that Plaintiff provide a concise statement of each of the claims he wished to raise together with the facts giving rise to these claims, that he identify the individual or individuals whom he wished to sue, and give a statement showing how each of these individuals was involved in the facts forming the basis of the claim, an explanation of the harm suffered, and the specific relief sought. *Id*. at 2. The Fifth Circuit has held that orders to amend or to supply more specific facts are akin to evidentiary hearings in that they provide inmates with the opportunity to expound on the facts which form the basis of their claims. *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Gallegos v. State of La. Code of Criminal Procedure Art. 659 Paragraph A and C(4)*, 858 F.2d 1091, 1092 (5th Cir. 1988).

Plaintiff's amended complaint alleges only that Sheriff Neal and Ms. Johnson failed to maintain a safe environment and that Ms. Johnson did not do a walk-through of the kitchen. Dkt. No. 6 at 3. The failure to remain vigilant in maintaining safe prison or jail environments, or to make proper safety inspections, may rise to the level of negligence, but does not by itself amount to deliberate indifference. *See West v. Blair*, 254 F.3d 1081, 2001 WL 563818, *2 (5th Cir. 2001), *citing Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Even if the Defendants had conducted safety inspections but failed to do so, this fact would not demonstrate an Eighth Amendment violation through deliberate indifference. *West*, 254 F.3d 1081 at *2; *Gossett v. Wilson*, civil action no. 6:15cv726, 2016 U.S. Dist. LEXIS 151290, 2016 WL 6518663 (E.D. Tex., September 29, 2016), *plaintiff's motion for voluntary dismissal granted at* 2016 U.S. Dist. LEXIS 150964, 2016 WL 6441612 (E.D. Tex., November 1, 2016).

In *Tripp v. Livingston*, civil action no. 6:14cv742, 2016 U.S. Dist. LEXIS 79302 (E.D.Tex., February 29, 2016), *Report adopted at* 2016 U.S. Dist. LEXIS 78773 (E.D. Tex., June 16, 2016), the plaintiff complained that when he sat down to eat in the prison dining hall, the table broke loose from the bottom because of rust and decay, causing him to fall backwards onto the floor with the table on top of him. This Court concluded that the plaintiff failed to show that the named defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed or that the Defendants actually drew this inference. *Id.* at *6. Thus, the plaintiff failed to demonstrate deliberate indifference. *See also Smith v. Leonard*, civil action no. G-06-179, 2006 U.S. Dist. LEXIS 45005 (S.D. Tex., June 6, 2006), *Report adopted at* 2006 U.S. Dist. LEXIS 45183, 2006 WL 1737528 (S.D. Tex., June 22, 2006), *aff'd* 242 F.App'x 139, 2007 U.S. App. LEXIS 14003, 2007 WL 1725536 (5th Cir. 2007) (failure to place rubber mats outside the jail shower, resulting in a slip and fall causing injury to the prisoner, did not amount to deliberate indifference); *Brantley v. Head*, civil action no. 5:02cv120, 2004 U.S. Dist. LEXIS 32614, 2004 WL 840120 (N.D. Tex., April 20, 2004) (lack of mats in the shower, leading to slip and fall, at most stated claim of negligence and not deliberate indifference).

The allegations in Plaintiff's amended complaint fail to show that the Defendants were aware of facts from which an inference could be drawn that a substantial risk of harm existed or that they actually drew such an inference. Plaintiff does not contend that the Defendants knew or even could have known about the nail in his food, nor that any prior instances of foreign objects in food had occurred so as to provide potential notice to responsible officials. *See Green*, 623 F.3d at 281 (noting that "evidence of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation.") Because the allegations in Plaintiff's amended complaint do not rise to the level of deliberate indifference, he has failed to state a claim upon which relief may be granted.

5

## IV. Conclusion

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

Plaintiff's amended complaint does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. His

lawsuit should be dismissed for failure to state a claim upon which relief may be granted; in the interest of justice, however, this dismissal should be without prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 23rd day of January, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE