IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TORIN SMITH, | § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:23-CV-100-RWS-JBB |
| JEFF NEAL, *ET AL.,* | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff Torin Smith's objections to the Magistrate Judge's Report and Recommendation. Docket No. 12. Plaintiff, an inmate of Bowie County Correctional Center, filed this lawsuit alleging violations of his constitutional rights under 42 U.S.C. § 1983. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge issued a Report recommending that Plaintiff's case be dismissed without prejudice for failure to state a claim. Docket No. 9.

Plaintiff asserted that on September 1, 2023, he swallowed a nail in his food, resulting in a trip to the emergency room. Docket No. 1 at 4–5. Grievances attached to his amended complaint indicated that the nail was in the greens on his tray and got stuck in his throat, causing him to choke and scarring his throat when he threw it up. Docket No.6-1 at 2. The response to Plaintiff's Step Two grievance states that there was no way that the nail could have come from the can of greens and that he was taken to the medical department, which sent him to the hospital, but medical documents said that no injuries occurred to his mouth or throat. Docket No. 9 at 1. Plaintiff argued that Bowie County Sheriff Jeff Neal failed to maintain a safe and secure kitchen operation which allowed the nail to get into his food. Docket No. 6. He asserted that kitchen supervisor Ms. Johnson

failed to conduct a walk-through of the kitchen and thereby allowed the tools to break apart, causing the nail to get in his food. *Id.*

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge explained that Eighth Amendment claims of this nature require a showing of deliberate indifference to inmate health or safety, noting that such indifference cannot be inferred from a negligent or even grossly negligent response to a substantial risk of serious harm. Docket No. 9 at 3–4. Instead, the inmate must show that the official knew of a substantial risk of harm and disregarded the risk by failing to take reasonable measures to abate it. *Id.* The Magistrate Judge observed that an official's failure to alleviate a risk, which he should have perceived but did not, does not amount to deliberate indifference. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)).

The Magistrate Judge also looked to *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010), where an inmate broke his tooth on a metal nut in his cornbread in the prison cafeteria. The case was remanded by the Fifth Circuit to allow the prisoner the opportunity to develop the facts of his claim, but on remand, the prisoner failed to allege facts relating to any other incident in which an inmate was injured by foreign objects in the food or otherwise showing that the defendant food service captain knowingly disregarded a substantial risk of harm. *Id.* Consequently, the court determined that the prisoner failed to show deliberate indifference. *Id.*

Here, the Magistrate Judge gave Plaintiff the opportunity to develop the facts of his claim through the filing of an amended complaint, providing guidance as to what to include. Docket No. 4. Plaintiff's amended complaint, however, alleged only that Sheriff Neal and Food Service Officer Johnson failed to maintain a safe environment and that Johnson did not do a walk-through of the kitchen. *Compare* Docket No. 1 *with* Docket No. 6. The Magistrate Judge stated that the failure to

remain vigilant in maintaining safe prison or jail environments or to make proper safety inspections may rise to the level of negligence but does not amount to deliberate indifference. Docket No. 9 at 4. Because Plaintiff's allegations did not show that the Defendants were aware of facts from which an inference could be drawn that a substantial risk of harm existed or that they actually drew such an inference, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.*

In his objections, Plaintiff says that video and medical evidence can prove that he swallowed a nail. He also asserts that he can prove "without a shadow of a doubt" that the nail came from the can opener in the kitchen. Docket No. 12. He asserts that the kitchen boss knew the can opener was broken and was negligent in failing to get it fixed properly, and his life was put in danger by the negligence of the kitchen staff and Sheriff Neal. *Id.* Plaintiff contends that Johnson said on video that the nail came from the can opener—although he concedes in a motion to amend his complaint that he does not have access to the video footage. *Compare* Docket No. 12 *with* Docket No. 6.

In this motion to amend his complaint, Plaintiff discusses the tort of negligence at length and says that the negligence of the kitchen staff almost cost his life. Docket No. 13. Plaintiff's objections and his motion to amend correctly characterize his claim as one of negligence. Docket Nos. 12, 13. As the Magistrate Judge properly determined, negligence does not rise to the level of a constitutional claim but is a cause of action in state court. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). This is true even if the negligence of prison or jail officials results in serious injury. *See, e.g.*, *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (per curiam). Because Plaintiff's claim amounts to no more than negligence, the Magistrate Judge correctly recommended that it be dismissed for failure to state a claim upon which relief may be granted.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 12) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above captioned matter is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 6th day of August, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE